METHODIST EPISCOPAL CHURCH ET AL. v. JAMES N. GAMBLE.

1. CONVEYANCE FOR BURIAL PURPOSES DOES NOT CREATE CONDITION PRECEDENT, WHEN.

> A conveyance of real estate to church trustee, for value, in trust for burial purposes and "for any other purposes for the benefit of said church," does not create a condition precedent, but vests in said trustees a fee simple estate, with no right of reversion or forfeiture to the grantor in any event; and under such grant, the purposes for which the land is to be used and sold is for the determination, exclusively, of the church by its proper authorities.

2. ACT OF MARCH 27, 1861 (58 O. L. 159) CONSTRUED.

> The act of March 27, 1861 (58 O. L. 159), empowering the church trustees to sell the real estate above referred to, and apply the proceeds for the use of one of its colleges, on condition that should the college ever cease to exist as one of its institutions, the invested property should revert to the church trustees to be by them held according to the terms of the original trust, neither added, nor took away, any right granted by the deed to the trustees. What effect Sec. 2 of said act, which provided that the church trustees should remove the bodies buried therein and the tombstones to another suitable burial place, had upon the lotowners in that portion of the land devoted to burial of the dead, is not considered.

**3. Right of Grantee of Church Property Over Same—Judicial Sale Vendee Acquires Absolute Title, When.**

> A conveyance of said real estate by the church trustees to one of its colleges, after its abandonment by the church as a burial ground, carried to the grantee the power to sell, mortgage and convey the same in any manner deemed best for the latter's interest, but subject to the right of the church to see that the college was controlled by and in the interests of the church; accordingly, a mortgage having been given upon the same by the college-trustees, to raise funds for college purposes, which was subsequently foreclosed, a purchaser thereof at foreclosure sale acquired an absolute title thereto as against the church and college.

ERROR to Hamilton common pleas court.

**W. G. Roberts** and **David Davis,** for plaintiff in error.

**W. L. Granger** and **M. L. Buchwalter,** for defendant in error:

A dedication or sale of lands to a corporation for general purposes, creates a perfect fee simple estate, with complete power to make any use of it, and especially the power to alienate completely, where there is no provision for forfeiture or reverter in the event of a change of the use for which the grant was made. Reynolds v. Stark Co. (Comrs.) 5 Ohio 204; Brown v. Manning, 6 Ohio 298 [27 Am. Dec. 255]; Keyser v. Stansifer, 6 Ohio 363, 364; LeClercq v. Gallipolis, 7 Ohio (pt. 1) 217.

Words relied on as constituting a condition to a grant must be so connected with it as to qualify it. Mere recitals in the deed that it was made upon a certain consideration will not raise a condition. Methodist Episcopal Church v. Public Ground Co. 103 Pa. St. 608; Labaree v. Carleton, 53 Me. 211; Strong v. Lehmer, 10 Ohio St. 93; Thornhill v. Hill, 2 Cl. & Fin. 22.

Words relied upon will be strictly construed, so as to avoid, if possible, the making of a condition, because conditions are not favored in the law, as they tend to destroy estates. The conditions must appear *in terms,* as, for instance, "on condition," "provided always," "if it shall so happen," and the like; *otherwise, there must be a clause for forfeiture or re-entry.* 2 Washburn, Real Estate 4, 5; Ayers v. Emery, 96 Mass. (14 Allen) 67, 70; Raley v. Umatilla Co. 15 Ore. 172 [13 Pac. Rep. 890; 3 Am. St. Rep. 142]; 2 Washburn, Real Prop. 5.

Limiting the use of land, or stating the purpose of the grant, does not create a condition. Jones, Real Prop. Secs. 649, 650, 652; Watterson v. Ury, 3 Circ. Dec. 171 (5 R. 347); Horner v. Railway, 38 Wis. 165; Gadberry v. Sheppard, 27 Miss. 203; Memphis & C. Ry. v. Neighbors, 51 Miss. 412; Rawson v. School District, 89 Mass. (7 Allen) 125; Packard v. Ames, 82 Mass. (16 Gray) 327; Coffin v. Portland (City), 16 Ore. 77 [17 Pac. Rep. 580].

The corporate character of a grantee does not imply a condition that the land shall be used only for the purpose of the corporation, or that the land shall revert to the grantor upon the extinction of the corporate grantee. Seymour v. Hartford, 21 Conn. 481; Heath v. Barmore, 50 N. Y. 302; Thompson, Corporations Sec. 5791, p. 4486.

If the right of forfeiture, from the whole grant taken together, is doubtful, then the rule applies, that every grant shall be construed, in case of doubt, most strongly against the grantor. Potter v. Burton, 15 Ohio 196, 200.

The fact that the deed was void, or that the church had no capacity to convey by such a deed, or in such a manner, would not prevent the growth of a good title by adverse possession; a void deed may give color of title. 3 Washburn, Real Estate 168, 176, 177.

A restraint upon a title in fee simple, by a condition that the grantee may convey only to an educational institution of the Methodist Episcopal Church, would be repugnant to the grant, and therefore illegal and void. Gray's Restraints on Alienation, Secs. 41, 43; Anderson v. Cary, 36 Ohio St. 506 [38 Am. Rep. 602]; Atwater v. Atwater, 18 Beav. 330, 336; Gadberry v. Sheppard, 27 Miss. 203; Taylor v. Binford, 37 Ohio St. 262.

A condition personal as to the first grantee does not bind his assignee; a conveyance of the land and retires the condition. 2 Washburn, Real Estate 8; Emerson v. Simpson, 43 N. H. 475 [82 Am. Dec. 168]; Page v. Palmer, 48 N. H. 385; Merrifield v. Cobleigh, 58 Mass. (4 Cush.) 178, 184.

The grantee could mortgage the land to secure the payment of its debts, and a judicial sale in foreclosure of the mortgage would vest a good title in the purchaser freed from said restriction. Magie v. German, etc. Church, 13 N. J. Eq. 77; Medical College v. Zeigler, 17 Ohio St. 52; Thompson, Corporations Sec. 5816, p. 4507; Woodworth v. Payne, 74 N. Y. 196 [30 Am. Rep. 298]; Hardy v. Wiley, 87 Va. 125 [12 S. E. Rep. 233]; Mead v. Ballard, 74 U. S. (7 Wall.) 290 [19 L. Ed. 190].

Since Dumford's Case, 2 Coke's Littleton 558, it has been the law of every country whose jurisprudence is derived from the English common law, that a condition cannot be alienated; that an attempt to assign it destroys it, and that when it is thus released as to part of the land, it is released as to every part thereof. 2 Washburn, Real Estate 21; 6 Am. & Eng. Enc. Law (1 ed.) 904; Sharon Iron Co. v. Erie, 41 Pa. St. 341, 349; Norris v. Milner, 20 Ga. 563; Guild v. Richards, 82 Mass. (16 Gray) 309; Underhill v. Railway, 20 Barb. 455; Rice v. Railway, 94 Mass. (12 Allen) 141; Murray v. Harway, 56 N. Y. 337.

Whatever trust was annexed to the grant, it was not a trust that would be violated by the sale of the land, or that would run with the land itself; it was a trust that reasonably anticipated the alienation of the land for the purpose of raising money for the general uses of the college, including the payment of its debts. Sohier v. Trinity Church, 109 Mass. 1; Episcopal City Mission v. Appleton, 117 Mass. 326; Magie v. German, etc. Church, 13 N. J. Eq. 77; Thompson v. Thompson, 18 Ohio St. 73, 75, 82.

The fact that the land was actually put to the uses and the accomplishment of the purposes of the college and has been exhausted in that behalf, satisfied the trust. Mead v. Ballard, 74 U. S. (7 Wall.) 290 [19 L. Ed. 190]; Newton v. Mahoning Co. (Comrs.) 4 O. F. D. 555 [100 U. S. 548; 25 L. Ed. 710]; Hunt v. Beeson, 18 Ind. 380; Harris v. Shaw, 13 Ill. 456; Hardy v. Wiley, 87 Va. 125 [12 S. E. Rep. 233].

A resulting trust can arise to the grantor and his heirs in a case of this kind only where the deed contains simply words of grant or transfer and does not recite nor imply any consideration, and does not, in the *habendum* clause or elsewhere, declare any use in favor of the grantee, and the conveyance is not in fact intended as a gift. Tiedeman, Real Estate Secs. 464, 475, 500; Pomeroy, Eq. Jurisp. Secs. 1032, 1033, 1035; 2 Washburn, Real Estate 420, 456, 475; Gould v. Lynde, 114 Mass. 366; Coffin v. Portland (City), 16 Ore. 77 [17 Pac. Rep. 580].

James N. Gamble brought his action in the court of common pleas of Hamilton county against the plaintiffs in error to quiet his title to real estate in the city of Cincinnati. The plaintiff in error by answer and cross petition, set forth matters of title claiming that the property had reverted to it, and praying that the defendant in error be decreed to hold said title as trustee for its benefit, to which answer and cross petition James N. Gamble's demurrer was sustained and his title quieted.

The answer and cross petition averred the following facts: A conveyance of said lands from Bernard and wife by warranty deed dated January 11, 1826, to certain trustees of the Methodist Episcopal Church of Cincinnati, in consideration of $550 "in trust for a place of burial and for the use of the aforesaid * * * church and for any other purpose for the church aforesaid, and for none other;" the *habendum* clause provided, "To have and to hold * * * to the only proper use and behoof of the aforesaid * * * trustees in trust for the Methodist Episcopal Church of Cincinnati, and their successors in office, for a burial place for the use of the aforesaid church and for other purposes for the benefit of said church."

The act of the legislature passed March 27, 1861 (58 O. L. 159), reciting that by ordinance of the city of Cincinnati, burial upon said lands was prohibited and empowering the trustees of said church to sell said real estate, and in their discretion to apply the proceeds for the use of the Wesleyan Female College of Cincinnati; on condition that should said college ever cease to exist as an institution of said church, the whole invested property should revert to the said church trustees to be by them held according to the terms of the original trust.   And by Sec. 2 of said act it imposed the duty upon the trustees of the church to properly remove the bodies buried therein and the tombstones to another suitable burial place.

The deed dated June 10, 1862, to said college conveyed in the words: "Do hereby grant, bargain and sell and convey to the said The Cincinnati Wesleyan Female College, its successors and assigns forever;" and specifying "This conveyance, however, is made subject to all encumbrances, if any, and to the duties imposed upon the grantors herein by Sec. 2 of said act of the legislature of Ohio passed March 27, 1861," and in the *habendum* clause, "To have and to hold the same to the only proper behoof of the said The Cincinnati Wesleyan Female College, its successors and assigns forever, subject to the duties and encumbrances aforesaid."

The answer and cross petition further averred proceedings in the said court for the sale of portions of said lands, and investment of the proceeds in the erection and equipment of a building for said college; the giving of a mortgage by it upon the lands in controversy; the foreclosure and sale under said mortgage by decree in court; the reorganization of said college; the purchase of said property; its encumbrance by mortgage to raise funds to carry out said educational enterprise; the foreclosure of said second mortgage, and the purchase of the property by Mr. Gamble, in which foreclosure proceedings, however, the said Methodist Episcopal Church of Cincinnati was not a party.

SWING, J.

James N. Gamble brought his action in the court of common pleas of Hamilton county against the plaintiffs in error to quiet his title to certain real estate situate in the city of Cincinnati.   The case was heard in said court and a decree was granted the plantiff as prayed for. This action is prosecuted in this court to reverse this judgment.

We are of the opinion that the deed of January 11, 1826, by Bernard and wife to Benjamin Mason and others, trustees of the Methodist Episcopal Church of Cincinnati, vested in said trustees a fee simple estate

with no right of reversion or forfeiture to Bernard in any event. It was for a valuable consideration and not on any condition precedent, and while it says it is in trust for burial purposes, it also says "for any other purposes for the benefit of said church." The purposes for which it was to be used and sold was for the determination of said church by its proper authorities.

We do not see that the act of the legislature passed March 27, 1861, added anything to or took away any right which had been granted in this deed, and it certainly did not attempt to take away from the church the interest that had been granted to it by the deed of Bernard. This would have been beyond the power of the legislature. What effect Sec. 2 of said act may have had as to lotowners in that portion of the land devoted to the burial of the dead, does not arise in this case and need not be considered, as said lotowners are not asserting any rights here.

Whatever right the Methodist Episcopal Church of Cincinnati had in this real estate was conveyed by deed dated June 20, 1862, to the Cincinnati Wesleyan Female College and its successors and assigns forever, subject to the incumbrances and the duties imposed by Sec. 2 of the act of 1862 in regard to lotowners, none of which are involved here. This right carried with it the power to sell, mortgage and convey these premises in any manner deemed best for its interests, and subject to the right of said church to see that the college was controlled by the church and in its interests. Said college borrowed money and having given a mortgage on the premises, such action was had in foreclosure proceedings that the interest of said college was sold to the Cincinnati Wesleyan College. This college also gave a mortgage and this mortgage was foreclosed and James N. Gamble became the purchaser.

We are unable to see any defect in his title; certainly whatever right defendants had passed from them long ago, and the judgment should be affirmed.

**Giffen** and **Jelke, JJ.,** concur.